IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE HAMILTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:21-cv-03181-L(BT) |
| | § | |
| THE STATE OF TEXAS, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Lee Hamilton, a state pretrial detainee at the Dallas County Jail, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition for failure to exhaust state court remedies.

I.

Hamilton is a pretrial detainee presently awaiting trial in the Dallas County Jail. In his petition, Hamilton requests an "order of evidence" directed to the state prosecutor. Pet. 1 (ECF No. 3). Citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963), he argues that, after seven months, the prosecutor has failed to make the evidence in his case available to him, including witness statements. *Id.* 1, 2. He further argues that the prosecutor's failure to provide him with this evidence violates his Sixth Amendment rights. *Id.* Last, he argues that, even if the prosecutor is mistakenly withholding the evidence, it warrants granting him a new trial.

*Id.* 2. As relief, Hamilton requests that this Court dismiss Dallas County case numbers F2175890, F2175891, and F2175892. *Id.* 3 (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987); *United States v. Bagley,* 473 U.S. 667, 678 (1995)).

II.

Pretrial petitions, like Hamilton's, are properly brought under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). But a state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial detainee fairly present his claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982).* An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993)* (quoting *Ex Parte Hawk*, 321 U.S. 114, 118 (1944)).

2

Here, Hamilton cannot demonstrate that he exhausted his state court remedies prior to filing his § 2241 petition. In his petition, he does not mention the exhaustion of his claims in state court. Further, an independent review of the Texas CCA's website reveals that Hamilton has not presented his claims to the Texas CCA. Consequently, his petition should be dismissed.

III.

For the foregoing reasons, the Court should dismiss Hamilton's § 2241 petition without prejudice for failure to exhaust state court remedies.

Signed December 30, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

3